**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **RAFAEL GREGORIO GATICA PALMERO,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1688-KC** |
| | § | |
| **MARKWAYNE MULLIN et al.,** | § § | |
| **Respondents.** | § § | |

**ORDER**

On this day, the Court considered Rafael Gregorio Gatica Palmero's Petition for a Writ of Habeas Corpus, ECF No. 1.  Gatica Palmero, a citizen of Venezuela, entered the United States in 2023, at which time he was paroled into the country.  *Id.* ¶ 1.  On February 17, 2026, he was detained by immigration authorities after an arrest by local law enforcement.  *Id.* ¶ 24.

The Court ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted.  June 23, 2026, Order, ECF No. 2.  Respondents argue that Gatica Palmero's Petition should be denied because he was already given a bond hearing, which an immigration judge denied based on danger.  Resp. 1–2, ECF No. 3; *see id.* Ex. A ("IJ Order"), ECF No. 3-1.  The Court then ordered Gatica Palmero to file a reply addressing whether he received a bond hearing.  July 7, 2026, Order, ECF No. 4.  Gatica Palmero concedes that he received a bond hearing in which a finding of dangerousness was made, but argues that the burden to prove danger should have been placed on Respondents.  Reply 1–2, ECF No. 5.

This Court "lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk [or danger] and therefore should be denied bond."  *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citation omitted).  In other words, whether the Court

agrees or not with the IJ's determinations regarding Gatica Palmero's risk of danger, it lacks the power to alter those determinations.  And Gatica Palmero provides no authority for the proposition that placing the burden on him at the bond hearing violated his due process rights. *See generally* Reply.  As Gatica Palmero has received an individualized custody determination before an IJ, there is no issue for the Court to decide.

Gatica Palmero is also not subject to a final order of removal, which would trigger a new claim and different reasonableness standard for prolonged detention.  *See generally* Pet.; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).  Thus, his Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that Gatica Palmero's Petition, ECF No. 1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 15th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE